USDC SCAN INDEX SHEET

















```
KAJ     9/23/05    10:41
3:04-CV-01035    ART ATTACKS INK LLC V. MGA ENTERTAINMENT
*138*
*M.*
```

ORIGINAL

FILED
05 SEP 23 AM 9:51
DISTRICT COURT
OF CALIFORNIA
DEPUTY

NUNC PRO TUNC
SEP 2 2 2005

1  DIANA M. TORRES (S.B. #162284)
   PAULA E. AMBROSINI (S.B. #193126)
2  CARLOS M. LAZATIN (S.B. #229650)
   O'MELVENY & MYERS, LLP
3  400 South Hope Street
   Los Angeles, California 90071-2899
4  Telephone: (213) 430-6000
   Facsimile: (213) 430-6407
5  Email: dtorres@omm.com

6  DALE M. CENDALI (admitted *pro hac vice*)
   O'MELVENY & MYERS, LLP
7  Times Square Tower
   7 Times Square
8  New York, New York 10036
   Telephone: (212) 326-2000
9  Facsimile: (212) 326-2061

10 Attorneys for Defendants
   MGA Entertainment, Inc. and Isaac Larian

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

"BY FAX"

| | |
|---|---|
| ART ATTACKS INK, LLC a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>MGA ENTERTAINMENT, INC., a California corporation; Isaac Larian, an individual, and DOES 1 through 200, inclusive,<br><br>Defendants, | Case No. 04 CV 1035 J (BLM)<br><br>**NOTICE OF MOTION AND MOTION FOR SANCTIONS**<br><br>Hearing Date: TBD<br>Time: TBD<br>Courtroom: Hon. Barbara Major<br>U.S. Magistrate Judge |

MOTION FOR SANCTIONS

138

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE THAT on September 19, 2005, in the chambers of United States Magistrate Judge Barbara L. Major, defendants MGA Entertainment Inc. and Isaac Larian (collectively "MGA") moved for sanctions against plaintiff Art Attacks Ink, LLC ("Art Attacks") on the grounds that Art Attacks failed to comply with the Court's January 13, 2005 Order Regulating Discovery and Other Pretrial Proceedings (as amended by Court Order dated August 8, 2005) by failing to serve, on or before August 26, 2005, a list of experts that Art Attacks expects to call at trial and by failing to serve, on or before September 9, 2005, the expert disclosures required by Federal Rule of Civil Procedure 26 (a)(2). (*See* January 14, 2005 Case Management Conference Order Regulation Discovery and Other Pretrial Proceedings and August 8, 2005 Order granting MGA's *Ex Parte* Application for an Order Amending the Court's Case Management Conference Order Regulating Discovery (hereinafter, "Case Management Order").)

In accordance with Magistrate Judge Major's instructions, MGA herewith submits the concurrently filed Declaration of Paula E. Ambrosini in support of MGA's Motion and the attached brief Memorandum of Points and Authorities. MGA's Motion is based on this Notice of Motion, the attached Memorandum, the concurrently filed Declaration, the pleadings and files on record herein, such oral argument as has been or may be presented to this Court and all matters properly subject to judicial notice.

Dated: Sept 22, 2005

DIANA M. TORRES
PAULA E. AMBROSINI
CARLOS M. LAZATIN
O'MELVENY & MYERS, LLP

By: /s/ Paula E. A.

Paula E. Ambrosini,
Attorneys for Defendants,
MGA Entertainment, Inc. and Isaac Larian

*Art Attacks, Ink, LLC v. MGA Ent. Inc.*
Case No. 04-1035-J (BLM)

2

## MEMORANDUM OF POINTS AND AUTHORITIES

For the reasons stated below and in the accompanying Declaration of Paula E. Ambrosini, MGA requests that a monetary sanction be imposed on Art Attacks in an amount no less than $14,341.40. (Ambrosini Decl. ¶ 16.)

Under the Court's Case Management Conference Order Regulating Discovery and other Pretrial Proceedings filed January 13, 2005 and amended August 8, 2005, the parties were required to serve, on or before August 26, 2005, a list of the experts that each party expected to call at trial and were further required to serve, or before September 9, 2005, the initial expert witness disclosures required by Federal Rule of Civil Procedure 26 (a)(2). MGA complied. (*See* Ambrosini Decl. ¶¶ 2-8.) Art Attacks, however, did not. (Ambrosini Decl. ¶¶ 4-6.)

Instead, Art Attacks took the position that it had the right to disregard the Court's Order because it had filed an *ex parte* Application on August 24, two days before the initial experts lists were due, requesting that the Court substantially extend all of the dates and deadlines in the Order by several months and had further filed a request on August 26, the same day the lists were due, to stay the entire action for 30 days together with a request from one of its counsel, Susan Emrich, to withdraw as counsel for Art Attacks. (*See* Ambrosini Decl. ¶¶ 5-6.) This position, however, is not legally supportable.

Art Attacks was required to comply with the Court's Case Management Order unless and until the Court granted its request for an extension. A Court's scheduling Order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). Disregard of such an order "undermine[s] the court's ability to control its docket, disrupt[s] the agreed-upon course of the litigation, and reward[s] the indolent and the cavalier." *Id.* A party, therefore, is not entitled to automatic relief from a scheduling Order simply upon filing a request. Quite the contrary. The mere filing of a request for

an extension does not act as an automatic stay of any deadline, nor does it provide good cause for an extension of the deadline. *See Bruce v. County of Rensselaer,* 2003 U.S. Dist. LEXIS 19031, *6 (N.D.N.Y. 2003). Rather, a party that seeks an extension of a deadline at the eleventh hour, as Art Attacks did here, takes significant risks. These risks include: "(1) that the Judge may not be available to entertain the motion; (2) that the Judge may not be able to adjudicate the motion that same day; (3) that the motion will be denied and, thus, the party will have little or no time to meet the deadline; and (4) that the party will not receive timely notice of a decision and, thus, be unable to meet the deadline." *Id.*

Where, as here, a party fails to secure the requested relief before a deadline passes, that party must bear the consequences. *See id.* at *5-6 ("The responsibility and consequence of failing to meet a deadline falls upon the party that missed the deadline."). Indeed, the consequences could have been severe. For example, the Court could have precluded Art Attacks from utilizing expert testimony in its case-in-chief altogether. Magistrate Judge Major chose not to impose such a sanction in this instance, indicating at the Case Management Conference that she would allow Art Attacks to submit initial expert witness disclosures. Art Attacks should not, however, be allowed to escape without any consequence whatsoever.

At the very least, Art Attacks should be required to pay a monetary sanction. MGA suggests that this sanction should be no less than the amount necessary to compensate MGA for the costs, fees and expenses that MGA incurred in working, expeditiously and diligently, to itself comply with the operative case management schedule, which it would not have incurred under the more leisurely time frame that Art Attacks will now enjoy. This amounts to $ 7,972.40. (Ambrosini Decl. ¶ 9-11.)

MGA also respectfully requests that Art Attacks be ordered to compensate MGA for the costs that MGA incurred as a result of Art Attacks last minute cancellation of the deposition of one of Art Attacks' principals, JoAnn Mauck. MGA went to great lengths

4

*Art Attacks, Ink, LLC v. MGA Ent. Inc.*
Case No. 04-1035-J (BLM)

MOTION FOR SANCTIONS

to accommodate Ms. Mauck's desire to schedule her deposition during a break between local county fairs, eventually agreeing to a proposed August 26 date. (Ambrosini Decl. ¶ 12.) Indeed, scheduling the deposition for that date required MGA's counsel to disrupt and rearrange a planned vacation. (Ambrosini Decl. ¶ 12.) Hotel, travel and other arrangements were made in anticipation of the deposition. (Ambrosini Decl. ¶ 12-14.) After Art Attacks filed its *ex parte* Application for an extension of the case management schedule on August 24, however, Art Attacks abruptly cancelled the August 26 deposition at the same time that it informed MGA that Ms. Emrich was planning to request to withdraw. (Ambrosini Decl. ¶ 13.) Hotel reservations then had to be cancelled, and other travel arrangements had to be changed, as a result of which MGA incurred cancellation costs totaling $259.00. (Ambrosini Decl. ¶ 12-14.) In addition to this, MGA will incur the added expense associated with having to re-prepare for a deposition that was supposed to take place on August 26 but is now likely to be postponed for two or more months, amounting to no less than $2,350.00, for a total of $2,609.00 in added fees and costs attributable to the deposition cancellation. (Ambrosini Decl. ¶ 14.)

MGA thus seeks total sanctions in a total amount no less than $14,341.40.[1]

MGA respectfully requests that its Motion be granted.

Dated: Sept 22, 2005

DIANA M. TORRES
PAULA E. AMBROSINI
CARLOS M. LAZATIN
O'MELVENY & MYERS, LLP

By: /s/ Paula E. Ambrosini

Paula E. Ambrosini,
Attorneys for Defendants,
MGA Entertainment, Inc. and Isaac Larian

---

[1] This figure includes the $7,972.40 attributable to the increased cost involved in meeting the deadline for expert witness disclosures, the $2,609.00 attributable to the last minute cancellation of Ms. Mauck's deposition, and $3,760.00 fees incurred in connection with drafting this memorandum and the accompanying declaration. (Ambrosini Decl. ¶ 15.)

*Art Attacks, Ink, LLC v. MGA Ent. Inc.*
Case No. 04-1035-J (BLM)

5

## PROOF OF SERVICE

I, Linda M. Rich, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 400 South Hope Street, Los Angeles, California 90071-2899. On September 22, 2005, I served the within documents:

**NOTICE OF MOTION AND MOTION FOR SANCTIONS**

X    by transmitting via facsimile machine the document(s) listed above to the fax number(s) set forth below on this date. The outgoing facsimile machine telephone number in this office is (213) 430-6407. The facsimile machines used in this office create a transmission report for each outgoing facsimile transmitted. A copy of the transmission report(s) for the service of this document, properly issued by the facsimile machine(s) that transmitted this document and showing that such transmission was (transmissions were) completed without error, is attached hereto.

X    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Susan E. Emrich, Esq.  
Emrich & Associates  
348 Olive Street  
San Diego, CA 92103  
(619) 688-0560

Edward O. Kreusser  
Biotechnology Law Group  
658 Marsolan Avenue  
Solana Beach, CA 92075  
(858) 485-0516

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 22, 2005, at Los Angeles, California.

*/s/ Linda M. Rich*  
**Linda M. Rich**