UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ART ATTACKS INK, LLC,<br><br>   Plaintiff,<br>v.<br><br>MGA ENTERTAINMENT, INC.,<br><br>   Defendants. | Civil No: 04 CV 1035-B(BLM)<br><br>ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION AND DENYING DEFENDANTS' MOTION IN THE ALTERNATIVE TO CERTIFY THE ISSUES FOR INTERLOCUTORY APPEAL |

## I. INTRODUCTION

Defendants MGA Entertainment, Inc. and Issac Larian (collectively "MGA" and "Defendants") move for reconsideration of the Court's Order of October 31, 2006, denying MGA's motion for summary judgment on Plaintiff Art Attacks Ink, LLC's ("Art Attacks") claims for copyright, trademark and trade dress infringement, and move in the alternative to certify the issues for interlocutory appeal. For the reasons herein, the Court **DENIES** the motion for reconsideration and additionally, **DENIES** the motion to certify for

1  interlocutory appeal.

2  **II.   BACKGROUND**

3  In the first quarter of 2006, MGA brought motions for summary judgment on Art
4  Attacks Ink, LLC's copyright, trademark and trade dress infringement claims and on Art
5  Attacks' defamation claims.  After considering the parties' briefs and oral arguments, the
6  Court denied the motions on the copyright, trade dress and defamation claims. With respect
7  to trademark, the Court granted-in-part MGA's motion as to no infringement of the marks
8  "BRAT" and "BRATS" and denied-in-part the motion as to no infringement of Art
9  Attacks' "SPOILED BRAT" mark.

10  The instant motion for reconsideration contends that the Court 's rulings constitute
11  clear error on three points pertaining to copyright infringement: access, defects in copyright
12  registration and the application of the intrinsic test for substantial similarity. MGA's
13  motion also argues that the Court's ruling was in error on the issue of secondary meaning
14  as it pertains to the trademark claim.  Finally, MGA moves in the alternative that the Court
15  certify these issues for interlocutory appeal. The parties fully briefed the issues and the
16  Court considered the instant motions on the papers.

17  **III.  DISCUSSION**

18      **A.   STANDARD OF LAW**

19  "[T]he interlocutory orders and rulings made pre-trial by a district judge are subject
20  to modification by the district judge at any time prior to final judgment." Amarel v.
21  Connell, 102 F.3d 1494, 1515 (9th Cir. 1996); Fed. R. Civ. P. 54(b); see also Credit Suisse
22  First Boston Corp. v. Grunwald, 400 F.3d 1119, 1124 (9th Cir. 2005) (recognizing "the
23  well-established rule that a district judge always has power to modify or to overturn an
24  interlocutory order or decision while it remains interlocutory"). A district court may
25  reconsider a previous interlocutory decision where it  "(1) is presented with newly
26  discovered evidence, (2) committed clear error or the initial decision was manifestly unjust,
27  or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah

28

1  County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).  However, a court should
2  generally leave a previous decision undisturbed absent a showing that it either represented
3  clear error or would work a manifest injustice.  Christianson v. Colt Indus. Operating
4  Corp., 486 U.S. 800, 817 (1988).

### B.   ANALYSIS

#### 1.   Copyright infringement - Access

The Court's Order on MGA's motion for summary judgment (hereinafter "Order") analyzed access under the prevailing Ninth Circuit standard that access requires "an opportunity to view or copy plaintiff's work."  See e.g., Three Boys Music Corp. v. Bolton, 212 F.3d 477, 482 (9th Cir. 2000). The opportunity to view or copy must be a reasonable one, not simply a bare possibility based on "mere speculation or conjecture." Id.  An inference of access, however, may be predicated based on wide dissemination of a work. Id.  Applying these standards, the Court found that Art Attacks' had met its burden to defeat summary judgment because there remained a reasonable possibility that MGA viewed Art Attacks' website, given the prevalence of web access in general.  MGA now argues that the Court committed clear error when it found that there was a possibility of access based on this standard, because Art Attacks had not demonstrated that *anyone at MGA* had ever visited the website.

Access based on wide dissemination of a work is a circumstantial argument.  Three Boys Music., 212 F.3d at 482.  It is based simply on the reasonable *opportunity* for a party to have seen the work, not proof that the party in question actually viewed the work. See id. see also Reece v. Island Treasures Art Gallery, Inc., 2006 WL 3804685 at *5 (D. Haw. 2006) (circumstantial evidence of access shown through wide dissemination of photograph sold in stores and published in magazines and newspapers); ABKCO Music, Inc. v. Harrisongs Music, Ltd., 722 F.2d 988, 998 (2nd Cir. 1983) (popularity of a song in the United States and England for a span of 5-7 weeks was sufficient to create a possibility of access).

While MGA now offers examples where courts have not found dissemination of a work to be sufficient for access, the Court does not find these persuasive in the instant case. The consideration of access is closely tied to the facts, and as the Ninth Circuit has explained, "[a]t times, distinguishing a 'bare' possibility from a 'reasonable' possibility will present a close question." Three Boys Music, 212 F.3d at 482 (quoting 4 Nimmer, § 13.02[A], at 13-20). The evidence the Court considered at summary judgment taken in a light most favorable to the non-moving party, Art Attacks, was sufficient to raise a genuine issue of facts as to whether there was a reasonable opportunity for MGA to have viewed Art Attacks work based on its dissemination on the website. Therefore, MGA's motion for reconsideration on this ground is **DENIED**.

### 2.  Copyright Infringement - Registration Requirements

MGA argues that the Court was in error when it allowed Art Attacks to maintain the instant copyright infringement action in light of the deficiencies in Art Attacks' 1996 copyright registration: (1) only one copy instead of the required two copies was deposited; (2) the works were designated as unpublished even though they had been previously sold and thus "published" according to the Copyright Act. MGA further contends that under Ninth Circuit precedent Art Attacks' failure to meet the statutory requirements deprives the Court of jurisdiction over the infringement action.

The arguments and cases cited in MGA's motion for reconsideration are no different from those raised in MGA's motion for summary judgment. The Court considered the cases but found them inapplicable because, unlike the proffered examples, the instant circumstances of Art Attacks' 1996 registration do not concern the failure to deposit complete and original works with the Copyright office. Moreover, the one district court case on which MGA relies, Determined Productions., Inc. v. Koster, 1993 WL 120463 (N.D. Cal. 1993), departs significantly from Ninth Circuit precedent as well as the precedents of other circuits. See Cooling Systems & Flexibles, Inc. v. Stuart Radiator, Inc., 777 F.2d 485, 487 (9th Cir. 1985) ( "Absent fraud, a misstatement or clerical error in

the registration application . . . will not invalidate the copyright nor render the registration certificate incapable of supporting an infringement action."); Three Boys Music, 212 F.3d at 486 (finding that although a deposit that may have differed somewhat from the recorded version of the song, it was sufficient because "(1) there was no intent to defraud and prejudice and (2) any inaccuracies in the deposit copy were minor and do not bar the infringement action"); Data General Corp. v. Grumman Systems Support Corp., 36 F.3d 1147, 1161-63 (1st Cir. 1994) (substantial compliance with application and deposit requirement is sufficient for a valid copyright); Masquerade Novelty, Inc. v. Unique Industries, Inc., 912 F.2d 663, 668 (3rd Cir. 1990) (failure to show articles to copyright office in a manner to demonstrate their function did not deprive plaintiff of copyright protection or the right to pursue an infringement suit).

In sum, the great majority of cases agree that where there is substantial compliance in the absence of a showing of any fraud, inadvertent and immaterial errors do not invalidate copyright protection nor the right to maintain a suit for infringement. Here, the Court found the 1996 registration by Art Attacks was in substantial compliance with the requirements.[1] Therefore, MGA has not met its burden to demonstrate a clear error of law; the motion for reconsideration is **DENIED** on this ground.

### 3. Copyright - the extrinsic test

The Ninth Circuit uses a two part test to evaluate substantial similarity between a copyrighted and an accused work. The first step is an extrinsic test that involves an objective comparison of specific expressive elements of the works. Cavalier v. Random House, 297 F.3d 815, 822 (9th Cir. 2002). The second step is an intrinsic test, a subjective comparison which asks whether the ordinary reasonable audience would find the total

---

[1] A complete copy of the work was submitted with the registration. Although the work was incorrectly designated as "unpublished," there appears to be no other consequence to this designation other than a requirement for a second copy to be submitted with the application. MGA has made no showing that the mistakes were anything other than inadvertent error, based on the inexperience of Art Attacks' principals, the Maucks. Moreover, MGA also has not made any showing that MGA was prejudiced in any way by these errors.

concept and feel of the works substantially similar. Id. at 822  MGA urges that the Court improperly applied the extrinsic test because it left this issue to the trier of fact.  MGA argues that because the extrinsic test is an objective examination, it remains in the province of the Court to make this determination.  MGA also contends the Court erred when it declined to apply the intrinsic test.

The extrinsic test "stand[s] for the unremarkable proposition that when objectively speaking a triable case of expressive similarity exists, the case must be sent to the trier of fact; but when no such objective argument is possible, summary judgment will lie." Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1477 (9th Cir. 1992); see also Shaw v. Lindheim, 919 F.2d 1353, 1360 (9th Cir. 1990) ("Once a court has established that a triable question of objective similarity of expression exists, by analysis of each element of the extrinsic test, its inquiry should proceed no further.").  Thus, the test on this issue is no different from the standard applied under Fed. R. Civ. P. Rule 56.  Summary judgment is appropriate only where there is no genuine issue of material fact and where the moving party is entitled to judgment as a matter of law because the party bearing the burden of proof at trial has failed to make a sufficient showing on an essential element of its claim. Shaw, 919 F.2d at 1359.

Here, the Court concluded that Art Attacks had proffered sufficient evidence at summary judgement to raise a triable issue of fact that its images contain protectable elements, alone or in combination, that are shared by MGA's accused images.  Therefore, under the Rule 56 standard, the question of substantial similarity must go to the jury.  Therefore, the Court's ruling denying summary judgment on this ground stands and MGA's motion for reconsideration is **DENIED**.

### 4. Trademark - Secondary Meaning

In the instant motion for reconsideration, MGA argues that the Court was incorrect to find secondary meaning associated with "SPOILED BRATS" because the evidence

presented by Art Attacks' was insufficient as a matter of law.² MGA argues that there is no evidence whether anyone ever visited the website and no indication of how many images (such as on products or at booths) were labeled with "SPOILED BRAT." In support, MGA analogizes to several cases where secondary meaning was not found.

Having considered MGA's arguments and cited case law, the Court is not persuaded that there has been an error of law. While this Court noted in its Order that Art Attacks' evidence of secondary meaning is by no means overwhelming, this does not mean that Art Attacks' failed to raise a genuine issue of material fact regarding this issue. As Art Attacks points out, its case is premised on "reverse confusion," where a lesser evidentiary burden exists with regard to secondary meaning and a minimal showing may be sufficient. Cohn v. Petsmart, Inc., 281 F.3d 837, 842 n.6 (9th Cir. 2002); Commerce Nat. Ins. Services, Inc. v. Commerce Ins. Agency, Inc., 214 F.3d 432, 444 (3rd Cir. 2000) (reasoning that "[o]therwise, a larger company could with impunity infringe the senior mark of a smaller one"). Therefore, MGA's motion for reconsideration on this ground is **DENIED**.

**5.     Certification for Interlocutory Appeal under §1292(b)**

MGA moves, in the alternative to reconsideration, for certification for interlocutory appeal on four issues:

1. Whether a showing of a mere possibility of access is sufficient to create a triable issue on Art Attacks' copyright claims;
2. Whether Art Attacks' failure to meet the statutory deposit and registration requirements invalidates Art Attacks' purported copyright registrations and/or deprives the Court of subject matter jurisdiction over Art Attacks' copyright claims;
3. Whether the Court failed to apply or misapplied the Ninth Circuit's extrinsic and intrinsic tests in evaluating Art Attacks' copyright infringement claims;
4. Whether a theoretical possibility of secondary meaning, unsupported by specific factual evidence, is sufficient to create a triable issue on Art Attacks' trademark and trade dress claims.

28 U.S.C. §1292(b) permits a district judge to certify an issue for interlocutory

---

² At summary judgment, the Court found that Art Attacks' marks, "BRAT," "BRATS," and "SPOILED BRAT" were descriptive marks and therefore to acquire trademark protection, the marks must have acquired secondary meaning.

1  appeal where the issue (1) involves a controlling question of law; (2) as to which there is
2  substantial ground for difference of opinion; and (3) an immediate appeal may materially
3  advance the ultimate termination of the litigation. An exceptional circumstances standard
4  applies to interlocutory orders, the circumstances must "justify a departure from the basic
5  policy of postponing appellate review until after the entry of a final judgment." In re
6  Cement Antitrust Litigation, 673 F.2d 1020, 1026 (9th Cir. 1982) (citing Coopers &
7  Lybrand, 437 U.S. 463, 475 (1978)).  Interlocutory appeal "[is] not intended merely to
8  provide review of difficult rulings in hard cases."   U. S. Rubber Co. v. Wright, 359 F.2d
9  784, 785 (9th Cir. 1966); see also Hansen v. Schubert, 459 F. Supp. 2d 973, 1000 (E.D.
10 Cal. 2006) (noting that mere disagreement with the Court is insufficient grounds for
11 interlocutory appeal).

12      MGA has not met the burden to show exceptional circumstances or even to
13 convincingly demonstrate that any of its four issues requested for certification meet all of
14 the §1292(b) requirements.  The issues stated are generally misstated and/or overblown
15 from the Court's Order.  MGA has not demonstrated "substantial ground for difference of
16 opinion," but simply mere disagreement with the Court's rulings.  Therefore, MGA's
17 motion to certify the issues for interlocutory appeal is **DENIED**.

18 **IV.   CONCLUSION**

19      For the reasons herein, MGA's motion for reconsideration and its motion in the
20 alternative to certify the issues for interlocutory appeal are **DENIED.**

21      **IT IS SO ORDERED**

22
23 DATED: March 5, 2007

24                                    Hon. Rudi M. Brewster
                                      United States Senior District Judge
25
26 cc: Hon. Barbara L. Major
       United States Magistrate Judge
27     All Counsel of Record
28