1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ART ATTACKS INK, LLC,<br><br>                                 Plaintiff,<br><br>          vs.<br><br>MGA ENTERTAINMENT, INC. and<br>ISAAC LARIAN,<br><br>                                 Defendants. | CASE NO. 04-CV-1035-B (BLM)<br><br>ORDER DENYING PLAINTIFF'S<br>MOTIONS TO RE-TAX COSTS<br><br>[Docket Nos. 504 & 517] |

Now before the Court are Plaintiff Art Attack Ink's motions to re-tax the costs awarded by the Clerk of the Court to Defendants MGA Entertainment, Inc. and Isaac Larian.  The Court ordered the motions submitted without oral argument.  Civil L.R. 7.1(d)(1).  For the reasons stated below, the Court denies the motions.

<u>Background</u>

After the jury returned a verdict in favor of Defendants on the trademark infringement claim but could not reach a verdict on the remaining counts, the Court entered a partial judgment.  Defendants submitted their bill of costs to the Clerk and requested one-third of their actual costs.  The Clerk overruled Plaintiff's objections and entered a first Order Taxing Costs in the amount of $92,509.32, which reflected the full amount requested by Defendants.  [# 500]

In the meantime, Defendants moved for a judgment as a matter of law on those counts on which the jury hung.  The Court granted that motion on the trade dress, copyright

infringement, and contributory copyright infringement claims and entered a judgment in favor of Defendants.  Defendants submitted a second bill for the remaining two-thirds of its costs.  Plaintiff repeated its objections and the Clerk of the Court overruled them.  The second Order Taxing Costs awarded Defendants the full amount of their request, $185,018.64.  [# 516]

Plaintiff filed motions to re-tax the costs in both of those Orders, which total $277,527.06.

<u>Discussion</u>

Costs "shall be allowed as of course to the prevailing party."  Fed. R. Civ. P. 54(d). Recoverable costs are limited to those listed in the statute, including fees for court reporters, printing, witnesses, exemplification, copies of papers, and other items.  28 U.S.C. § 1920; *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 440 (1987); *Maxwell v. Hapag-Lloyd Aktiengesellschaft*, 862 F.2d 767, 770 (9th Cir. 1988).  The items which are customarily taxed in this District are set forth in the Civil Local Rules.  Civ. L.R. 54.1(b); *see Kohus v. Cosco, Inc.*, 282 F.3d 1355, 1357 (Fed. Cir. 2002) (in patent case, regional circuit authority governs costs).  "A motion to retax shall particularly specify the ruling of the clerk except to."  Civ. L.R. 54(h).

At the outset, the Court notes that Defendants submitted a well-organized and properly supported Bill of Costs, with paginated attachments that identified the proper invoice.  Defs.' Bill of Costs [#457].  Plaintiff on the other hand failed to assist the Court by filing the identical brief with the Clerk as it did to this Court, even though Defendants filed a reply brief that had responded to the objections with citations to the specific Local Rules and case authorities.  Further, Plaintiff made no effort to identify specific amounts and did not cite to any specific pages in the record.  But for the Defendants' well-prepared papers, Plaintiff would have shifted the burden to the Court to search the invoices for the underlying information.  *See United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in [the record]").

/ / /

1. <u>Depositions</u>

Plaintiff objects to that part of the bill for transcripts of depositions related to videotaping the testimony of three witnesses. Plaintiff objects to charges for cancelling scheduled depositions. Pl.'s Mo. at 3.

The Local Rule expressly covers both the cost of videotaping and the cost incurred to obtain a stenographic transcription of a deposition when the videotaped deposition is used at trial. Civil L.R. 54.1(b)(3)(a), (b). Here, Defendants certified that they taxed the costs of the four videotaped depositions that were played for the jury during the trial, thus, these are recoverable expenses. Transcripts need not be absolutely indispensable; it is enough if they are "reasonably necessary at the time it was taken, without regard to later developments that may eventually render the deposition unneeded at the time of trial." *Frederick v. City of Portland*, 162 F.R.D. 139, 143 (D. Or. 1995). Because Plaintiff does not document any opposing position and because Defendants certify that the depositions were reasonably necessary at the time they were preparing for trial, the Court sustains the expense. *See Evanow v. M/V Neptune*, 163 F.3d 1108, 1118 (9th Cir. 1998).

As for the cancellation fees charged, Defendants sought four such fees, Kim Kaneko on August 11, 2005 ($250 and $210) and Byron Mauck on January 13, 2006 ($225 and $150). Defs.' Bill of Costs, Attachment A (citing pages 57-58 & 66-67 of the invoices that list these amounts). These fees might not be recoverable if Defendants were at fault; however, Plaintiffs have not provided any information on that subject. By contrast, Defendants state that the depositions of Mauck and Kaneko were properly noticed but the subpoenaed witnesses failed to appear through no fault of the Defendants. Defs.' Opp. Br. at 8. Accordingly, this cost is taxable. *See* Civ. L.R. 54.1(b)(3)(h) (authorizing attendance fee of court reporter when subpoenaed deponent fails to appear).

2. <u>Witness Fees</u>

Plaintiff objects to the costs awarded for five witnesses to attend the jury trial and contends they are only liable for the time that each spent on the witness stand. Plaintiff also objects to the expensive hotels listed on the individual invoices.

04-CV-1035

Section 1821 states that a "witness shall be paid an attendance fee of $40 per day for each day's attendance" which includes going to and returning from the place of attendance. 28 U.S.C. § 1821(b). The Local Rule permits witness fee "even though the witness does not take the stand, provided the witness necessarily attends the court" proceedings. Civil L.R. 54.1(b)(4)(a)(1). When an overnight stay is required, a per diem subsistence allowance is allowed within the guidelines set for travel by government employees. 28 U.S.C. § 1821(d); 5 U.S.C. § 5702(a).

Plaintiff has not made any attempt to explain its conclusory assertion that it was unreasonable for the witnesses to attend trial on the days they were not testifying. *See Peabody Coal Co. v. Navajo Nation*, 162 F.R.D. 596, 601 (D. Ariz. 1995), *rev'd on other grounds*, 75 F.3d 457 (9th Cir. 1996). By contrast, Defendants have adequately explained that the attendance of these five witnesses was necessary on the respective days. Defs.' Opp. Br. at 4-5 n.3 (citing subpoenas and explaining that experts needed to hear testimony that could impact their opinions). Because the Local Rule permits the prevailing party to recover witness costs for days when their attendance was reasonably necessary, the Court denies the objection. The Court also denies Plaintiff's objection to the payment of witness fees to Defendant Larian, a party to the litigation, for attending seven days of trial. *Kemart Corp. v. Printing Arts Research Labs., Inc.*, 232 F.2d 897, 901-02 (9th Cir. 1956) (within discretion to assess witness fees for officers of corporation).

As to Plaintiff's objection regarding the per diem allowance, the Defendants properly sought only that portion within the per diem authorized for travel by federal employees, with an appropriate downward adjustment for partial days. Defs.' Opp. Br. at 4-5; *e.g.*, Defs.' Bill of Costs, Attachment B. This objection is overruled.

3. <u>Copies of Papers</u>

Plaintiff complains that the invoices do not describe the documents that were copied so as to show that they were necessary. Plaintiff objects to the high price of the copies, ranging from 85 to 90 cents per page, as well as items on the invoices for labor, bates labeling, sheet protectors, and custom tabs.

The Court overrules this objection because Defendants explained that they were seeking expenses on documents provided during discovery and the binders of trial exhibits that the Court requested the parties share. Those costs are expressly permitted in the Local Rule. Civil L.R. 54.1(b)(6)(a). As to the higher prices, Defendants paid these fees to the purveyor of the services; thus, the charges are *prima facie* reasonable unless rebutted by evidence from the Plaintiff, which it has not offered. In a copyright and trade dress litigation, it is reasonable to obtain color photocopies of certain exhibits, and those costs are higher than regular black and white photocopies. *E.g.*, Defs.' Bill of Costs at 124-25. The Court discerns no error in the bates stamping and other organization expenses, as Defendants have sought these only as to papers shared with opposing counsel; and page numbering and tabs greatly assist in identifying voluminous exhibits. *E.g.*, *id.*, Attachment A at 7 (dividing actual invoice charge by three to cover cost only of the trial binders provided to Plaintiff).

4. <u>Visual Aids</u>

Plaintiff objects to the invoices for visual aids which were not necessary to the litigation, for example, the enlargements that were convenient but were "glitz" that should not be shifted to the opponent. *Summit Tech., Inc. v. Nidek Co., Ltd.*, 435 F.3d 1371, 1374-78 (Fed. Cir. 2006) (applying First Circuit law to deny costs for computer animation services).

This Court's Local Rules state that the "cost of preparing charts, diagrams, videotapes and other visual aids to be used as exhibits is taxable if such exhibits are reasonably necessary to assist the jury or the court in understanding the issues at the trial." Civil L.R. 54(b)(7); *Haagen-Dazs Co. v. Double Rainbow Gourmet Ice Creams, Inc.*, 920 F.2d 587, 588 (9th Cir. 1990) (need not be admitted into evidence to recover); *cf. Romero v. City of Pomona*, 883 F.2d 1418, 1427-28 (9th Cir. 1989) ("exemplification" costs under § 1920(4) limited to physical preparation and duplication of documents), *rev'd on other grounds*, *Townsend v. Holman Consulting Corp.*, 914 F.2d 1136, 1141 (9th Cir. 1990) (en banc).

1    Defendants properly submitted an itemized bill of services that sought

2    reimbursement for visual aids shown at trial.  The itemized bill properly excluded those

3    charges for non-recoverable items, such as renting audio-visual equipment, travel expenses,

4    and delivery charges.  Civil L.R. 54.1(b)(7)(e) & (c)(5).  The use of visual aids was

5    particularly appropriate in this intellectual property dispute because the jury was asked to

6    compare the visual appearance of graphics, art, and design.  Moreover, Plaintiff failed to

7    identify any specific exhibit on the invoices, while Defendants have asserted that most of

8    the visual aids were used as trial exhibits.  Defs.' Opp. Br. at 6; *e.g.*, Defs.' Bill of Costs at

9    130-38.

10                                            Conclusion

11   Having reviewed the briefs and the record, the Court denies Plaintiff's motions to re-

12   tax costs.

13       IT IS SO ORDERED.

14   DATED:  March 19, 2008

15

16                                        Hon. Rudi M. Brewster
                                          United States Senior District Judge

17

18

19

20

21

22

23

24

25

26

27

28